UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **DARWIN FRANCISCO CRUZ SANDOVAL, A# 221 465 362,** | § § § § | |
| Petitioner, | § § | |
| v. | § § | SA-26-CV-00769-JKP |
| **PAM BONDI, Attorney General of the United States, ET AL.,** | § § § § | |
| Respondents. | § § § | |

## ORDER FOR SERVICE

Before the Court is *pro se* Petitioner Darwin Francisco Cruz Sandoval's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus. (ECF No. 1).[1] The Court hereby **DIRECTS** the Clerk of Court to furnish a copy of the Petition and this Order to the Office of the United States Attorney in San Antonio, Texas. Delivery of those same documents by certified mail, return receipt requested, shall constitute sufficient service of process on the Federal Respondents, *see* FED. R. CIV. P. 4(i), and on all Respondents unless otherwise contested. Service should be directed to:

Stephanie Rico, Civil Process Clerk
U.S. Attorney's Office, Western District of Texas
601 N.W. Loop 410, Suite
600 San Antonio, Texas
78216.

Federal Respondents are **ORDERED** to file a response to the Petition for Writ of Habeas Corpus **no later than Friday, February 13, 2026, at 1:00 p.m**. Because this case turns on whether 8 U.S.C. § 1225 authorizes Petitioner's detention—a matter addressed and rejected in the Western District of Texas whether Respondents contend that detention is

---

[1] This case was transferred to this Court by the United States District Court for the Northern District of Texas, Dallas Division, on February 5, 2026, by order dated January 14, 2026. (ECF Nos. 5, 6).

proper under either § 1225(b)(1) or (2),[2] Respondents must consider the Court's prior orders addressing this question. And the response shall specifically and expressly note (1) any material factual differences between those cases and this one, (2) any new arguments sought to be raised by Respondents, and (3) whether Respondents rely on any new material change in the legal landscape to support their continued detention of Petitioner.

In lieu of a full response, Respondents may file an abbreviated response indicating that there are no material factual or legal differences here and preserving all legal arguments previously made by the Federal Respondents in the identified cases. Alternatively, should Respondents deem that no response is warranted in this case to preserve legal arguments previously asserted, they may simply choose to file no response within the established deadline. Under that alternative, the Court may grant the petition for the reasons previously stated in other cases. Petitioner shall have seven days from the date a response is filed to file any reply.

**IT IS FURTHER ORDERED** that any possible or anticipated removal or transfer is **IMMEDIATELY STAYED** until further order from this Court. Respondents shall not transfer the above–named Petitioner outside of this judicial district during the pendency of this litigation and until further Order of this Court allowing removal or transfer. Of course, this stay does not preclude Respondents from taking necessary steps to effect Petitioner's removal, it merely stays the physical removal or transfer of Petitioner.

**IT IS SO ORDERED this 6th day of February 2026.**

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE

---

[2] Cases addressing detention under 8 U.S.C. § 1225(b)(1): *See, e.g.*, *Diaz Perez v. Thompson*, No. 5:25-CV-1664-JKP, 2025 WL 3654333 (W.D. Tex. Dec. 15, 2025); *Davila Mercado v. Lyons*, No. 5:25-CV-1623-JKP, 2025 WL 3654268 (W.D. Tex. Dec. 11, 2025).

Cases addressing detention under 8 U.S.C. § 1225(b)(2): *See, e.g.*, *Orellana v. U.S. Dep't of Homeland Sec.*, No. 5:25-CV-1028-JKP, 2025 WL 3471569 (W.D. Tex. Nov. 24, 2025); *Gonzalez v. Ortega*, No. 5:25-CV-1156-JKP, 2025 WL 3471571 (W.D. Tex. Nov. 24, 2025); *Trujillo v. Noem*, No. 5:25-CV-1266-JKP, 2025 WL 3471572 (W.D. Tex. Nov. 24, 2025); *Granados v. Noem*, No. SA-25-CA-01464-XR, 2025 WL 3296314 (W.D. Tex. Nov. 26, 2025).

Case addressing both §§ 1225(b)(1) and 1225(b)(2): *Tinoco Pineda v. Noem*, No. SA-25-CA-01518-XR, 2025 WL 3471418 (W.D. Tex. Dec. 2, 2025).